SANFORD M. PASSMAN
A Professional Corporation
Sanford M. Passman, Esq., SBN 77701
10507 West Pico Blvd., 2nd Floor
Los Angeles, CA 90064-2319
(424) 382-1311 phone
sandy@sandypassman.com

Attorneys for Plaintiffs South Shore LLC and Kenny Kapoor

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH SHORE LLC, a California Limited Liability Company; and KENNY KAPOOR, an individual,<br><br>  Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive,<br><br>  Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>(1) Fraud;<br>(2) Violation of 31 Code of Federal Regulation 1020.220;<br>(3) Violation of 12 Code of Federal Regulation 21.21;<br>(4) Negligence;<br>(5) Negligent Supervision; and<br>(6) Violation of 12 Code of Federal Regulations 21.11<br><br>(DEMAND FOR JURY TRIAL) |

  The Plaintiffs herein, South Shore LLC, a California Limited Liability Company (hereinafter "South Shore") and Kenny Kapoor (hereinafter "Kenny") by and through their attorneys, as and for their Complaint, respectfully allege as follows:

### PERSONAL JURISDICTION AND VENUE

  1. This Court has original jurisdiction of this action under 28 U.S.C. §1331 in that the claims herein arise under Federal law and violations of 31 CFR 1020.220; 12 CFR 21.21; and 12 CFR 21.11.

COMPLAINT FOR DAMAGES

2. The Central District of California is the proper venue of this action as all or a substantial part of the events or omissions giving rise to the claims herein occurred in Los Angeles County, California, and all Defendants are subject to personal jurisdiction in this District.

3. Plaintiff, South Shore LLC is a California Limited Liability Company, formed pursuant to the laws of the State of California, and for which Articles of Organization were filed on April 26, 2017. Attached hereto as Exhibit "1" is a true and correct copy of said Articles of Organization.

4. Plaintiff, Kenny Kapoor (hereinafter "Kapoor") is an individual, and sole owner and member of South Shore LLC who, at all material times alleged herein, was a resident of the State of California, residing in its jurisdiction.

5. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, Defendant Wells Fargo Bank National Association, (hereinafter "Wells Fargo") conducted business in multiple physical locations within the State of California, specifically within the City and County of Los Angeles.

6. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, Defendant Wells Fargo was required to conform and comply with Federal Banking Regulations, including but not limited to, the various Statutes identified above.

7. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, one or more individuals, employed by Defendant Wells Fargo, permitted the opening of a bank account at Defendant's bank, believed to have been located in Glendale, California, without conforming and complying with the requisite Federal Statutes identified above.

8. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, one or more bank employees, including an employee

named William Alvarez (hereinafter "Alvarez"), had a personal relationship with the individual who opened the subject bank account, identified as Charles Elkins (hereinafter "Elkins"), who is presently a Defendant in a Los Angeles Superior Court Case, Case No. 20STCV21303, Consolidated with Case No. 21STCV22863, entitled <u>Kenny Kapoor and South Shore LLC v. Zalfa Halaby, Charles Elkins, etc., et al.</u>

9. The true names and capacities of Defendants identified as Does 1 to 10 are currently unknown to Plaintiffs, who therefore sues such Defendants by these fictitious names. When the true names and capacities of Does 1 to 10 are ascertained, Plaintiffs will amend this Complaint to asset their true names and capacities. Plaintiffs are informed and believe, and based thereon allege that each fictitiously named Defendant is responsible in some manner for the occurrences alleged and that Plaintiffs' damages, as herein alleged, were proximately caused by each such Defendant.

10. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, all Defendants herein, whether named or fictitiously designated (hereinafter collectively referred to as "Defendants") were the agents, servants, employees, joint venturers, and/or the alter egos of the remaining Defendants, and the acts of each Defendant were within the course and scope of their agency, service, employment, and with permission, consent, and ratification of each other Defendant.

11. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, all Defendants herein, whether named or fictitiously designated, committed the acts complained of herein, said acts causing the damages to Plaintiffs as alleged herein.

12. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, Defendants and each of them, whether named or

fictitiously designated, conducted their business within the State of California, and committed a substantial part of the acts complained of herein, in the Central District of California.

13. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, Defendants and each of them, intentionally violated the requisite Statutes, identified above, in failing to obtain all of the requisite and relevant information, concerning the owner of the subject bank account. Attached hereto as Exhibit "2" is a true and correct copy of the Business Account Application.

14. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, Defendants and each of them, ignored their obligations under 12 CFR 21.11, by failing to file a Suspicious Activity Report, within thirty (30) calendar days after the date of initial detection of facts that would constitute a basis for filing said report.

15. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, Defendants and each of them, intentionally ignored their obligations pursuant to the above referenced Federal Statutes, in permitting Charles Elkins to "launder" money through the subject bank account, which account was opened on October 9, 2019.

16. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, that from the date the subject bank account was opened, to the date of its closure, Defendants and each of them, permitted hundreds of thousands of dollars to be transferred in and out of the subject bank account, which activity should have alerted the Defendants of possible violations of Federal Banking Statutes, as identified above, and triggered a Suspicious Activities Report.

17. In fact, Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, and based on the personal relationship between

Defendants and the aforesaid Charles Elkins, that Defendants permitted the suspicious transactions to continue, without any inquiry as to the legitimacy thereof.

## PRELIMINARY STATEMENT

18. This is an action to recover funds due to the conduct of Defendants and each of them, including Wells Fargo Bank's intentional and/or negligent conduct, in failing to follow its own account opening protocols, which are required by Federal Regulations mandating that banks appropriately identify their customers.

19. Plaintiffs are informed and believe, and based thereon allege that, in October of 2019, an individual identified as Charles Elkins, identified in Paragraph 8 of this Complaint, appeared at a Wells Fargo's branch located in Glendale, California.

20. Plaintiffs are informed and believe, and based thereon allege that, Elkins represented himself to one or more employees of Defendants, specifically bank employee Alvarez (identified above), whom Plaintiff believes had a previous banking relationship with Elkins and his wife, Zalfa Halaby Elkins (hereinafter "Halaby"), also a Defendant in the above referenced State action, and informed Mr. Alvarez that he wished to open a bank account in the name of South Shore LLC.

21. In fact, the subject bank account was opened by Alvarez and/or other employees of Wells Fargo, on October 9, 2019 as a Business Choice Checking Account, allegedly based on information communicated to Alvarez and/or other bank employees by Elkins.

22. Plaintiffs are informed and believe, and based thereon allege that, Elkins represented himself to the Defendants, and each of them, as the "Sole Owner" of South Shore.

23. The Business Account Application for the new account (Exhibit "2"), reflects on page 1 of 4 of said Application, under Related Customer Information, that Elkins was the sole owner of South Shore.

5

COMPLAINT FOR DAMAGES

24. On page 2 of 4 of the subject Business Account Application, Elkins is reflected as being the "Key Executive with control of the entity".

25. On the subject Application, there is no reflection as to the "percentage of ownership" of South Shore, as that portion of the Application was left blank. One page 4 of 4 of the subject Application, Elkins executed the form as the owner of South Shore as well as the sole authorized signer on behalf of South Shore.

26. Plaintiffs are informed and believe, and based thereon allege that, at all material times herein, Defendants, and each of them, failed to comply with 31 CFR 1020.220, Customer Identification Program Requirements for Banks. CFR 1020.220(a)(2)(i)(A) recites the various obligations of the bank, that are required to be complied with, which the Defendants, and each of them, failed to do.

27. Defendants, and each of them, failed to comply with 12 CFR 21.21, Procedures for Monitoring Bank Secrecy Act Compliance, by failing to create a Suspicious Activities Report (SAR), in the face of all of the hundreds of thousands of dollars of transactions, both into the subject account and out of the subject account.

28. In fact, the Articles of Organization referenced above as Exhibit "1", reflect that Kenny Kapoor is the Manager of Plaintiff South Shore.

29. Plaintiffs are informed and believe, and based thereon allege that, at all material times herein, Defendants and each of them failed to comply with the requisite Code of Federal Regulation identified above, in obtaining said Articles of Organization, in furtherance of the Defendants' obligations pursuant to 31 CFR 1020.220, Customer Identification.

30. In fact, Defendants did nothing to ascertain the veracity of any representations made to Defendants, and each of them, by the aforesaid Elkins with respect to the bank account that was opened at Defendant Wells Fargo's branch.

31. Plaintiffs further allege that, if the bank's conduct was not intentional, it

6
COMPLAINT FOR DAMAGES

was negligent in failing to comply with the requirements of the aforesaid banking regulations, for which it owed a duty to South Shore, in whose name the account was opened.

32. Plaintiffs further allege that, Defendants, and each of them, failed to properly supervise bank employees including, but not limited to the aforesaid Alvarez, to insure that employees would comply with the Federal Banking Regulations, as stated above, but was negligent in supervising employees whose obligations with respect to new account openings, revolves around compliance with the aforesaid Codes of Federal Regulations.

33. As a direct consequence of the Defendants' failure to adhere to the Federally mandated Customer Identification Program protocols, Plaintiff South Shore and Kenny Kapoor fell victim to a nefarious scheme that could have easily been prevented had the Defendants, and each of them, acted reasonably or conducted the basic due diligence required by the above referenced Federal Regulations.

34. Specifically, Defendants and each of them, in permitting the opening of the subject bank account in the name of South Shore, failed to require, among other things, that South Shore provided a Resolution permitting and/or authorizing the opening of the subject bank account.

35. Furthermore, at the very least, the Defendants and each of them, could have and should have mandated that Elkins provide to the Defendants, a document memorializing that Elkins was in fact authorized to open the subject account.

36. To make matters worse, in opening the subject account, Defendants, and each of them, only required the signature of Elkins to withdraw the funds, and made no inquiry as to whether or not there were other authorized signers, including, but not limited to Kapoor, the Managing Member of South Shore, as reflected in the Articles of Organization filed in 2017.

COMPLAINT FOR DAMAGES

37. Further compounding the issue, Defendants, and each of them, permitted Elkins to use the subject account to deposit and withdraw substantial funds from various checking accounts and/or entities, believed to be in amounts exceeding One Million Dollars ($1,000,000.00), in spite of the fact that Defendants had failed to follow the Federally Mandated Customer Identification process in order to determine whether funds going into and out of the subject bank account were legitimate and not a vehicle to "launder" funds in violation of the above referenced Federal Statutes.

38. As a result of the Defendants' failure to act reasonably and to adhere to Federally Mandated Customer Identification protocols, Elkins was able to capitalize on the intentional and/or negligent conduct of the Defendants, to gain access to substantial funds belonging to Plaintiffs South Shore and Kapoor, in furtherance of the nefarious "scheme" perpetrated and orchestrated by Elkins with the cooperation and assistance of Defendants, and each of them.

39. The Defendants' failure to comply with Federally Mandated requirements, and the allowance by Defendants to facilitate the "laundering" of funds into and out of the subject bank account, caused the Plaintiffs herein to suffer direct pecuniary losses and other consequential damages as a result of Elkins unmonitored ability to use the subject bank account for his own nefarious purposes. As stated above, Elkins is presently a Defendant in the State Court, the case number of which is stated above.

40. Plaintiffs seek compensatory damages against the Defendants, and each of them, for their failures to adhere to the proper standard of care, whether intentional or negligent, which has resulted in substantial financial losses for Plaintiffs over a period of years, in an amount believed to exceed the Jurisdictional requirement of this Court, but no less than One Million Dollars ($1,000,00.00).

///

## FIRST CAUSE OF ACTION

(Fraud, as against Wells Fargo and Does 1 through 10)

41. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 40, as though fully set forth herein.

42. The perpetrators of the Fraud, as identified above, are Defendants Wells Fargo and Does 1 through 10, who intentionally permitted the opening of the subject bank account, identified herein, without compliance with Federal Banking Regulations, as stated above, in or about October of 2019, in the State of California, County of Los Angeles. Defendants, and each of them, intentionally violated the mandated Federal Banking Regulations, in furtherance of the fraudulent conduct of Elkins and Defendants herein, based on a preexisting business relationship with the aforesaid Elkins, and in doing so, permitted the opening of the subject bank account without following the Federally mandated protocols. As a result of Defendants' conduct, Defendants permitted the "laundering", in violation of Federal Statutes, which violation caused pecuniary damages to the Plaintiffs, and each of them, in an amount not less than One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION

(Violation of 31 Code of Federal Regulation 1020.220

as against Wells Fargo and Does 1 through 10)

43. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 40, and 42 as though fully set forth herein.

44. As a result of Defendants, and each of them, failure to comply with Mandatory Customer Identification Protocols, mandated by the Federal Statute identified herein, Plaintiffs suffered monetary damages in an amount of not less than One Million Dollars ($1,000,000.00).

///

## THIRD CAUSE OF ACTION

(Violation of 12 Code of Federal Regulation 21.21

as against Wells Fargo and Does 1 through 10)

45. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 40, 42 and 44 as though fully set forth herein.

46. As a result of the Defendants' failure to comply with this Federal Statute, and specifically, Defendants' failure to monitor the activities of the subject bank account, in the face of actions that would have triggered a Suspicious Activities Report, Plaintiffs have been damaged in an amount not less than One Million Dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION

(Negligence as against Wells Fargo and Does 1 through 10)

47. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 40, 42, 44 and 46 as though fully set forth herein.

48. Defendants and each of them had a duty to the true owners of South Shore to act in a manner consistent with generally accepted banking practices. Furthermore, Defendants had a duty to implement policies in compliance with 21 CFR 1020.220, a Customer Identification Program, which Defendants, and each of them, failed to do, with respect to that certain account previously identified herein, ostensibly belonging to Plaintiff South Shore.

49. Defendants breached its duty to South Shore in several ways including, but not limited to, the following:

a. Permitting Elkins to open up the subject account as the sole account signer;

b. Permitting Elkins to open up the subject account as the sole account signer without confirming that Elkins had the authority to do so;

c. Permitting Elkins to open up the subject account as the sole account signer

without any Evidence of a Resolution from South Shore authorizing the opening of the subject account, and further authorizing Elkins to be the sole account signatory;

 d. Failing to require more than one account signatory on the subject account in the absence of any evidence of a Resolution from the organizers and/or member of South Shore;

 e. Permitting Elkins to deposit funds into the subject bank account without inquiring of South Shore whether Elkins had authorization to make said deposits;

 f. Permitting Elkins to deposit and/or withdraw hundreds of thousands of dollars from the subject account without requiring Elkins to produce any evidence of a Resolution authorizing this activity;

 g. Failing to have internal controls in place to prohibit or identify fraudulent behavior;

 h. Failing to adhere to internal controls that seek to prevent fraudulent behavior;

 i. Failing to properly train its employees to adhere to Federally Mandated bank account opening procedures and the Regulations set forth in the above cited Statutes; and

 j. Failing to properly supervise its employees to ensure they adhere to Defendant Wells Fargo's account opening procedures and the Federal Regulations governing said procedures.

 50. Through the above actions and inactions, Defendants, and each of them, grossly deviated from the ordinary standard of care that a bank has to the general public and, in this case, specifically to South Shore.

 51. In failing to supervise its employees, Wells Fargo and Defendants and each of them, directly and proximately caused damage to Plaintiffs in an amount to be proven at trial but not less than one Million Dollars ($1,000,000.00).

## FIFTH CAUSE OF ACTION

(Negligent Supervision as against Wells Fargo and Does 1 through 10)

52. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 40, 42, 44, 46, and 48 through 51 as though fully set forth herein.

53. Plaintiffs allege that at all relevant times, Defendant Wells Fargo failed to supervise the conduct of its employees including, but not limited to, the aforesaid Alvarez, so as to comply with the requirements of the cited Federal Banking Statutes. In failing to supervise their employees, either intentionally or negligently, Defendant Wells Fargo permitted the aforesaid Elkins to act in a fashion antithetical to the Plaintiffs' best interest, and all to Plaintiffs' financial detriment, in an amount of not less than One Million Dollars ($1,000,000.00).

54. At no time did Defendants take any action as mandated under the Federal Banking Statutes cited herein, to inquire of Elkins as to whether he was in possession of the requisite authority to open the account in the first place, and initiate the numerous deposits and withdrawals into and out of said account. In fact, no affirmative acts of any kind were performed by Defendants, to ascertain the veracity of representations made to Defendants by the aforesaid Elkins, in order to obtain the requisite information in compliance with the previously cited Federal Banking Statutes. Plaintiffs allege that Wells Fargo owed a duty to Plaintiffs and the general public to supervise the activities of its employees, including the aforesaid Alvarez, so as to insure that employees perform their respective banking duties, in the opening of new accounts, in compliance with the Mandatory Banking Statutes as stated above.

55. In failing to supervise its employees, Wells Fargo and Defendants and each of them, directly and proximately caused damage to Plaintiffs in an amount to be proven at trial but not less than one Million Dollars ($1,000,000.00).

///

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

(Violation of 12 Code of Federal Regulations 21.11

as against Wells Fargo and Does 1 through 10)

56. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 40, 42, 44, 46, 48 through 51 and 53 through 55 as though fully set forth herein.

57. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, Defendants and each of them, ignored their obligations under 12 CFR 21.11, by failing to file a Suspicious Activity Report, within thirty (30) calendar days after the date of initial detection of facts that would constitute a basis for filing said report.

58. Plaintiffs are informed and believe, and based thereon allege that, at all material times alleged herein, Defendants and each of them, intentionally ignored their obligations pursuant to the above referenced Federal Statutes, in permitting Charles Elkins to "launder" money through the subject bank account, which account was opened on October 9, 2019.

59. In ignoring their obligations under 12 CFR 21.11, by failing to file a Suspicious Activity Report, Wells Fargo and Defendants and each of them, directly and proximately caused damage to Plaintiffs in an amount to be proven at trial but not less than one Million Dollars ($1,000,000.00).

WHEREFORE, Plaintiffs pray for Judgment as follows:

FIRST CAUSE OF ACTION FOR FRAUD

1. That Judgment be entered in favor of Plaintiffs and against Defendants and each of them in an amount to be proven at trial;
2. That the Court award Plaintiff punitive and exemplary damages in an amount to be determined at trial;

SECOND CAUSE OF ACTION FOR VIOLATION OF 31 CFR 1020.220

1. That Judgment be entered in favor of Plaintiffs and against Defendants and each of them in an amount to be proven at trial;

THIRD CAUSE OF ACTION FOR VIOLATION OF 12 CFR 21.21

1. That Judgment be entered in favor of Plaintiffs and against Defendants and each of them in an amount to be proven at trial;

FOURTH CAUSE OF ACTION FOR NEGLIGENCE

1. That Judgment be entered in favor of Plaintiffs and against Defendants and each of them in an amount to be proven at trial; and

FIFTH CAUSE OF ACTION FOR NEGLIGENT SUPERVISION

1. That Judgment be entered in favor of Plaintiffs and against Defendants and each of them in an amount to be proven at trial;

SIXTH CAUSE OF ACTION FOR VIOLATION OF 12 CFR 21.11

1. That Judgment be entered in favor of Plaintiffs and against Defendants and each of them in an amount to be proven at trial; and

FOR ALL CAUSES OF ACTION

1. That the Court award Plaintiffs their costs and expenses incurred herein;
2. That the Court award Plaintiffs their attorneys fees incurred herein;
3. That the Court award Plaintiffs such other and further relief as it deems just and proper.

SANFORD M. PASSMAN
A Professional Corporation

DATED: January 18, 2024   By: _____
Sanford M. Passman, Attorney for Kenny Kapoor and South Shore LLC