UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00490-RGK-SK | Date | April 25, 2024 |
|---|---|---|---|
| Title | *South Shore LLC et al. v. Wells Fargo Bank, N.A.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 21]

## I. INTRODUCTION

On March 5, 2024, South Shore LLC ("South Shore") and Kenny Kapoor (collectively, "Plaintiffs") filed the operative First Amended Complaint ("FAC") against Wells Fargo Bank, N.A. ("Defendant"), alleging violations of federal banking regulations, as well as fraud, negligence, and negligent supervision. (ECF No. 19.)

Presently before the Court is Defendant's Motion to Dismiss the FAC. (ECF No. 21.) For the following reasons, the Court **GRANTS** the Motion.

## II. FACTUAL BACKGROUND

The following facts are alleged in the FAC unless otherwise noted:

Kapoor is the sole owner of South Shore. Plaintiffs were victims of a "nefarious scheme" perpetrated by an individual named Charles Elkins. (FAC ¶ 33.) In October 2019, Elkins visited Defendant's branch in Glendale, California. There, he spoke with an employee named William Alvarez, with whom he had a prior banking relationship. Elkins submitted an application for a new business checking account, intentionally misrepresenting himself as the sole owner of South Shore. Based on the application, Alvarez opened an account for South Shore (the "Account") with Elkins as the sole authorized signatory. Neither Alvarez nor other employees verified the information Elkins provided.

Over the next few years, Elkins used the Account to launder over a million dollars as part of his efforts to gain access to Plaintiffs' funds. Despite the large dollar amounts moving in and out of the Account, Defendant did not file a Suspicious Activities Report ("SAR") with federal regulators.

Although it is unclear when Plaintiffs first discovered Elkins's scheme, on June 5, 2020, Plaintiffs sued Elkins and Elkins's wife in state court. (State Court Complaint, Def.'s Req. for Judicial

UNITED STATES DISTRICT COURT           JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00490-RGK-SK | Date | April 25, 2024 |
|---|---|---|---|
| Title | *South Shore LLC et al. v. Wells Fargo Bank, N.A.* | | |

Notice, Ex. A, ECF No. 22.)[1] Plaintiffs alleged the Elkinses fraudulently induced Kapoor to enter into a real estate investment venture, through which the Elkinses misappropriated millions of dollars from Kapoor. (*Id.* ¶¶ 22–66.) Plaintiffs further alleged they located a number of checking accounts that the Elkinses used to perpetrate the fraud, including accounts at Defendant's bank. (*Id.* ¶¶ 65–66.)

In April 2021, Plaintiffs retained a forensic accountant, who traced the funds from Elkins's accounts at other banks to the Account.

On January 18, 2024, Plaintiffs brought the instant action by filing the original Complaint.

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV. DISCUSSION

Plaintiffs assert six claims: three claims for violations of federal banking regulations and three state law tort claims. Defendant moves to dismiss all claims. The Court first addresses the federal banking regulation claims, then the state law tort claims.

#### A. Violations of Federal Banking Regulations

Plaintiffs bring claims for violations of 31 C.F.R. § 1020.220, 12 C.F.R. § 21.21, and 12 C.F.R. § 21.11, which are banking regulations implementing the Bank Secrecy Act ("BSA"), as amended by the

---

[1] Defendant filed a Request for Judicial Notice concurrently with its Motion. (ECF No. 22.) Plaintiffs do not oppose. Accordingly, the Court **GRANTS** the Request.

UNITED STATES DISTRICT COURT                                          JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00490-RGK-SK | Date | April 25, 2024 |
|---|---|---|---|
| Title | *South Shore LLC et al. v. Wells Fargo Bank, N.A.* | | |

USA PATRIOT Act, 31 U.S.C. §§ 5311 *et seq*. The BSA, which is intended to "protect the financial system of the United States from criminal abuse," directs the Secretary of the Treasury to promulgate regulations requiring banks to report suspicious activities and implement policies to prevent money laundering. *Id.* §§ 5313, 5318. Among other things, those regulations (1) require that banks establish programs to verify the identity of their customers, 31 C.F.R. § 1020.220; (2) set forth the minimum standard for those programs, 12 C.F.R. § 21.21; and (3) mandate the filing of a Suspicious Activity Report ("SAR") whenever a bank knows or suspects a transaction is related to money laundering, 12 C.F.R. § 21.11.

Defendant argues that Plaintiffs' claims fail because the BSA and its implementing regulations do not provide Plaintiffs with a private right of action. The Court agrees. While the BSA authorizes the Secretary to file civil actions and impose civil penalties, it is silent as to any private right of action. 31 U.S.C. § 5321. Indeed, "courts are unanimous in holding that there is no private right of action under the BSA or Patriot Act." *Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A.*, 2019 WL 3503109, at *7 (N.D. Cal. Aug. 1, 2019) (collecting cases). Nor is there a private right of action under the BSA's implementing regulations. *Barber v. Unitus Cmty. Credit Union*, 2023 WL 34697, at *2 (D. Or. Jan. 3, 2023). Any obligation of a bank to investigate and prevent money laundering is owed to the government, not to individuals. *S&S Worldwide, Inc. v. Wells Fargo Bank*, 509 F. Supp. 3d 1154, 1164 (N.D. Cal. 2020).

Plaintiffs cite no countervailing authorities. Instead, Plaintiffs' terse response is simply that they "disagree with that perspective." (Opp'n at 9, ECF No. 25.) Although Plaintiffs may wish for a different result, they present no reason for ignoring the unanimous holdings of other courts that have considered the issue. Because Plaintiffs have no private right of action, they cannot state any viable claims.[2]

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss the federal banking regulation claims.

### B.     Fraud, Negligence, and Negligent Supervision

Plaintiffs also bring claims for fraud, negligence, and negligent supervision. These claims are based on Defendant's conduct in opening the Account, failing to verify Elkins's information, failing to monitor and report Elkins's suspicious activities, and failing to supervise employees to adhere to federally mandated procedures. Defendant argues that all three claims are time-barred by the statute of limitations. The Court again agrees with Defendant.

---

[2] Defendant alternatively argues that Plaintiffs' 12 C.F.R. § 21.11 claim also fails because SARs are privileged. The Court need not and, therefore, does not reach this alternative ground for dismissal.

UNITED STATES DISTRICT COURT   JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00490-RGK-SK | Date | April 25, 2024 |
|---|---|---|---|
| Title | *South Shore LLC et al. v. Wells Fargo Bank, N.A.* | | |

In California, fraud claims are subject to a three-year statute of limitations. *Chohrach v. Bank of Am. NA*, 592 F. App'x 628, 629 (9th Cir. 2015) (citing Cal. Civ. Proc. Code § 338(d)). Negligence claims are subject to an even shorter period of two years. *Id.* (citing Cal. Civ. Proc. Code § 339(1)). In general, claims accrue "when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 389 (1999). But under the "discovery rule," accrual is postponed "until the plaintiff discovers, or has reason to discover, the cause of action . . . that is, he at least suspects, or has reason to suspect, a factual basis for its elements." *Id.*

Here, Plaintiffs' tort claims accrued no later than June 5, 2020, when Plaintiffs sued the Elkinses in state court. As the complaint there alleged, Plaintiffs knew that Elkins used accounts at Defendant's bank to perpetrate the fraud. (State Court Complaint ¶¶ 65–66.) Thus, Plaintiffs actually knew, or at least had reasons to suspect, the factual basis for the fraud, negligence, and negligent supervision claims.

Plaintiffs argue that the statutory period did not begin until April 2021, after Plaintiffs had retained a forensic accountant to trace Elkins's funds into the Account. Plaintiffs misunderstand the law. Even if Plaintiffs did not discover this specific Account until April 2021, their claims accrued when they had reasons to suspect the existence of potential claims against Defendant. Again, that date arrived no later than June 5, 2020. Since Plaintiffs did not bring this action until January 18, 2024, more than three years later, the claims must be dismissed.[3]

Accordingly, the Court **GRANTS** the Defendant's Motion to Dismiss the fraud, negligence, and negligent supervision claims.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion and **DISMISSES** the FAC in its entirety **without leave to amend**.[4] All pending dates, including the Scheduling Conference set for April 29, 2024 are vacated. The Clerk shall close this case.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |

---

[3] Defendant's alternative arguments with respect to the fraud and negligence claims are moot and need not be addresssed.
[4] Plaintiffs have not requested leave to amend. Nor would leave be appropriate since Plaintiffs have already amended the Complaint once and further amendment appears to be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming a dismissal without leave where amendment would be futile).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00490-RGK-SK | Date | April 25, 2024 |
|---|---|---|---|
| Title | *South Shore LLC et al. v. Wells Fargo Bank, N.A.* | | |